21233

R. M. CAINE, Appellant, v. John G. BAEHR, in his capacity as Mayor; and C. Chester Brown, Ralph D. Prince, E. Lewis Miller, and Hal G. Warlick, Jr., in their capacities of City Councilmen of the City of Spartanburg; the City of Spartanburg; and J. R. Lands, in his capacity as Spartanburg City Tax Collector, Respondents.

(267 S. E. (2d) 81)

*Johnson, Smith & Hibbard,* Spartanburg, *for appellant.*

*Gaines & Walsh,* Spartanburg, *for respondents.*

May 19, 1980.

*Per Curiam:*

This appeal concerns the application of Article X, Section 17 of the S. C. Constitution. The trial judge found this provision inapplicable. We affirm.

During March, 1973, the legislature adopted Act No. 770 which authorized the City of Spartanburg to construct a mall and finance the cost of the project through assessments upon adjoining landowners. In February of the following year, the Spartanburg City Council passed a resolution to proceed with the project, and action was subsequently taken in accordance with the legislation to convert a portion of Main Street to a public mall. It is conceded that in further-ance of the project, the portion of Main Street presently comprising the mall was removed from the state highway system.

Upon completion of the project, all adjoining landowners, with the exception of the appellant paid their annual assess-ments. Three years elapsed, at which time the City initiated action to force a public auction of the appellant's land to enforce the collection of the overdue assessments. There-after, appellant sought a restraining order against the City by alleging the assessments were void and unconstitutional because the mall project constituted "improvements on streets and sidewalks" within the meaning of Article X, Section 17 of the S. C. Constitution. Despite the compliance with the legislature's authorization, the appellant alleged the City's efforts were unconstitutional since the requisite 2/3 of the abutting landowners had not consented in writing, nor had the City paid at least 50% of the cost of such improvements. We agree with the trial judge that the provisions of Article X, Section 17 do not apply.

As previously indicated, it is undisputed that this former portion of Main Street was closed as a street and is no longer within the state highway system. Therefore, the alleged constitutional requirements have no application.

In attempting to overcome this conclusion, the appellant additionally argues that the mall is subject to pedestrian traffic, and therefore, is envisioned by the constitutional restrictions. We disagree. The fact that a mall allows pe-

destrians does not make for a street in the constitutional sense anymore than construction of a park limited to pedestrians would be a street.

Affirmed.